## Vanston License

*J. Frank Connolly*, for appellant.

*Peter P. Jurchak*, for Liquor Control Board.

*Joseph T. McDonald*, for protestants.

LEACH, P. J., August 15, 1947.—Applicant had a beverage license to dispense malt and brewed beverages by retail. She filed an application with the Liquor Control Board for a restaurant liquor license. Objections to the license were made to the Liquor Control Board.

At the hearing before the board, it appeared that the entrance to her place of business was through an ice cream soda parlor. Minors unaccompanied by their guardians were free to enter that place at any time, and the evidence shows that they did so.

The pertinent sections of the Liquor Law are as follows:

"It shall be unlawful—For any retail dispenser, . . . to permit . . . minors to frequent his licensed premises, *or any premises operated in connection therewith,* except minors accompanied by parents, guardians or under proper supervision": 47 PS §100f. (Italics supplied.)

"It shall be unlawful for any hotel, restaurant or club licensee . . . to permit . . . minors to frequent his licensed premises, *or any premises operated* in connection therewith, except minors accompanied by parents, guardians or under proper supervision": 47 PS §744-602. (Italics supplied.)

The board refused the license on the ground that the quota for Dunmore was exceeded. We have held that the quota is not changed by a change of a beverage license to a restaurant liquor license and have overruled them.

The record of the testimony before the board should have been present at the first hearing of the appeal, but could not be found. Judge Hoban sent the case back to the board for a complete record. The record appeared after a hearing in court at which none of the

objectors were present. We then found that the objection was to the premises, and the way the business had been conducted and not on the quota.

When a valid objection to a license is made before the board it should be considered and sustained or overruled. The court on appeal should know that the board acted on the objections and not on a question of law where it knows the court will overrule it.

We could have sustained the board immediately because the violation of the Liquor Law was open and notorious.

Now, August 15, 1947, appeal dismissed, license refused.